UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,                                                   CASE NO.:   8:10-cv-0053-T-26TBM

        **Plaintiff,**

   v.

**NEIL V. MOODY, and
CHRISTOPHER D. MOODY,**

        **Defendants.**

_____/

**JUDGMENT OF PERMANENT INJUNCTION
AND OTHER RELIEF AGAINST NEIL V. MOODY**

The Securities and Exchange Commission having filed a Complaint; and Defendant Neil V. Moody having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction, which he admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.  PERMANENT INJUNCTION**

**A. Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5**

**IT IS ORDERED AND ADJUDGED** that Moody and his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**B.  Section 17(a) of the Securities Act of 1933**

**IT IS FURTHER ORDERED AND ADJUDGED** that Moody and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, in the offer or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**C.  Section 206(4) of the Investment Advisers Act of 1940 and Rule 206(4)-8**

**IT IS FURTHER ORDERED AND ADJUDGED** that Moody and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [15 U.S.C. §275.206(4)-8], by the use of the mails or any means or instrumentality of interstate commerce:

    (a)    to engage in any act, practice, or course of business that is fraudulent, deceptive, or, manipulative; or

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle.

## II.  DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that, on motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 217 of the Advisers Act, [15 U.S.C. 80b-17] and, if so, the amount of the disgorgement and/or civil penalty.  If disgorgement is ordered, Moody shall pay prejudgment interest calculated from January 1, 2003,

based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Moody will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Moody may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III. INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Moody's consent is incorporated into this Judgment with the same force and effect as if fully set forth herein.

### IV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## V. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 7, 2010

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**