UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:10-cv-0053-T-26TBM

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

NEIL V. MOODY, and
CHRISTOPHER D. MOODY,

        Defendants.

_____/

## FINAL JUDGMENT AS TO NEIL V. MOODY

**THIS MATTER** came before the Court on Plaintiff Securities and Exchange Commission's Notice of Filing Consent of Defendant Neil V. Moody and Request for Entry of Final Judgment. ("Notice and Request") (D.E. 10) This Court previously entered a Judgment of Permanent Injunction and Other Relief against Neil V. Moody that, among other things, provides for later determination of the amounts of any disgorgement, prejudgment interest, or a civil penalty, upon the Commission's motion. (D.E. 7). Upon consideration of the record, the Commission's Notice and Request, and Moody's Consent to Final Judgment, and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Final Judgment is entered in favor of the Commission and against Defendant Moody as follows:

I.

Moody is liable for disgorgement of $22,343,951.90, representing profits gained as a result of the conduct alleged in the Commission's Complaint (D.E. 1), together with prejudgment interest thereon in the amount of $9,696,696.48, for a total of $32,040,648.38. However, the Court is not ordering Moody to pay a civil penalty, and the disgorgement and pre-judgment interest thereon is waived to the extent they exceed the value of all assets Moody has turned over to the Court-appointed Receiver.  The Court does this based on Moody's sworn representations in his Statement of Financial Condition dated June 21, 2011and other documents and information submitted to the Commission indicating Moody has turned over virtually all of his significant assets to the Receiver, and the fact that Christopher and Neil Moody first contacted the Commission and made themselves, their employees, and their business records available before the inception of this action and the related case of *SEC v. Arthur Nadel, et al,* Case No.8:09-cv-0087-T26-TBM.  Since many of the assets Moody has turned over to the Receiver may be difficult to value at this point,  the Receiver, before being discharged, shall report to the Court the total value he ultimately obtains in liquidating Moody's assets.

The determination not to impose a civil penalty and to waive payment of the indicated amounts of disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Moody's Statement of Financial Condition and other documents and information submitted to the Commission.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Moody's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Moody, petition the Court

for an order requiring Moody to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Moody was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Moody to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Moody may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## II.

**IT IS FURTHER ORDERED AND ADJUDGED** that Moody's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Moody shall comply with all of the undertakings and agreements set forth therein.

## III.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE and ORDERED** in Chambers at Tampa, Florida, on September 7, 2012.

   s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**